Mr. Robertson. Good morning your honor. I may have pleased the court. My name is Alfred Robertson. I have my own little law firm in Old Town Alexandria with one associate where we do a lot of immigration law and a lot of criminal defense work. And this case is the kind of case that's just right in the heartland of what we like to do. Arguing, thinking about how criminal convictions affect immigration status and how they work. I tell clients quite frequently and I tell other lawyers when we're talking about immigration consequences of criminal convictions that Virginia's statutes are kind of like this broad fishing net that they're designed to catch up as many people as they can, rightly or wrongly, to get the conviction and have broad application for the statutes. And that's clear and this court has recognized that in Soliman and O'Marguerite. They've recognized that Virginia has this wide net of statutes. It's nice. It's sitting in the shadow of the building. George Wythe and Thomas Jefferson and in that tradition, that's how they write their laws. Unfortunately, Congress doesn't do the same when they're writing the immigration laws. And the immigration laws are much more focused. The scope of behavior that implicates an aggravated felony is much more narrow. This case really comes down to, I think, really what the strongest point in all of my court order in this case, compelling my client to appear in the Arlington Circuit Court for the DUI maiming charge on May 4th, 2004. The BIA, the immigration judge and the Department of Justice all are very solidly arguing, well of course there was an order. Of course there was an order. There's no bond order. The only thing that's in there is this appearance at trial order. He promised to be in court on this day. That's the notice requirement. Remember, Virginia's not looking to figure out, oh, what's the way that we're going to make this fit into the aggravated felony definition if he doesn't show up for court. Mr. Abt, what did he plead guilty to a felony for? Did he plead guilty to a felony for disregarding the appearance at trial order? He did. He pled guilty to felony failure to appear. So it was valid? The notice was valid for his conviction, yes. That's my point. That's the point I was just making, Your Honor. Not just the notice, but the underlying offense. Because I don't see how you parsed them. Well, the under... You said he got notice, but he pleaded guilty to what? Not of getting notice, but it was something underlying offense that was the felony. Right. The underlying offense at the time that he signed the appearance at trial form was DUI maiming. He ultimately, when he was brought back into court, he ultimately pled guilty to simple DUI and felony failure to appear. Virginia's felony failure to... Felony failure, right. And it's that felony failure to appear that I'm focusing on. Right. He pled guilty to a felony for disregarding the appearance at trial order. Did he not? I mean, that's... I'm sorry. I don't... Here's my... It's really kind of a simple question. I mean, it's factual, is it not? He pled guilty to a felony for disregarding an appearance at trial order. Otherwise, we wouldn't be here. Your Honor, it's not an appearance at trial order. What did he plead guilty to a felony for disregarding? He pled guilty for failing to appear in court when noticed, as required, is what the Virginia Code section says. As required by what? It just simply says as required. It doesn't have an as what. By the general statute or by the court? Well, Your Honor, I think as required could be by the court, but there's still... The court doesn't issue the order. Or who else would require? The clerk of the court could have required it. The magistrate could have required it. Office... The police officer, when he issues the summons, tells you what day you need to be in court. And could... Would he be guilty of a felony for not appearing in the circumstance of the police summons? No. None of the felony failure to appear because the underlying charge is not the felony. Sorry, Your Honor. That's my point. I think he would... He could be found guilty of the felony failure to appear if he ignored a clerk's order to be in court. So you take court order to have to mean judge's order? Signed by a judge, Your Honor. Yes. Well, and what is that based on? Why? It's based on Virginia Code 17... I cited it in my brief. I don't remember the number off the top of my head. It's in Section 1701 of the Virginia Code. That's... That illustrates that courts... And there's lots of case law... Just answer the question. You think that an order signed by an authorized person of the court is not a court order? It only has the... On Virginia, the only court order is one signed by a judge? That's your argument? Yes, but I understand the court's point that if it's signed by a clerk, it's still a court order. I have to concede that. I have to concede that. So then it's a court order? That's the part I'm having trouble with because the clerk, for instance, in our court, routinely issues orders that aren't signed by a member of the panel. For instance, it is routine that attorney's fees are assessed on the losing party after an appeal. It doesn't require a signed order by a judge. It is nevertheless an order of the court with penalties attached for noncompliance. And that's the difficulty. And the code provision... The provision that you're discussing talks to... As I understand it, at least, about authentication as an official record. And those are what your cases cite. But what happened here, actually happened here, is the petitioner pled guilty to a felony for disregarding an order that was issued by the court. So I'm having... Your argument doesn't cohere that I can see, and you haven't directly addressed it with the facts. I disagree with the foundation of the question. I do not believe that he failed to appear pursuant to a court order. He failed to appear when he was noticed. You acknowledged that. You just conceded that the clerk's order is an order of the court. There was no clerk's... Do you want to take that back? No, I don't want to take that back, Your Honor. What I'm saying is there was no court order in this case. There was no clerk-signed order. The only thing that's in there is that appearance at trial form, which is signed by my client. It wasn't signed by any other clerk. It wasn't signed by a judge. It wasn't signed by a judicial officer. And if we're talking about the circumstance-specific approach, you need to drill down to that. What was the felony? Failure to show up because of his own order to himself? Failure to appear when noticed. Because remember, Virginia Code says failure to appear when noticed. The underlying felony problem is he ordered himself to appear, and he didn't show up when he told himself to show up? He acknowledged that he had notice. He acknowledged to the court that he had notice of his state. But notice of what? What was the authority that he violated? What did he violate to be a felony? The court that he was told what his court date was. Now, whether that's by a clerk or whether that was by the judge, we don't know in this case. Then there was no failure to appear under your... It was just an illusory deal that he might show up sometime? And there was no consequence to not showing up? Again, it's the parsing issue that I'm having difficulty with. You concede that a court order can be something signed by a court official, which court official is not a judge. You concede that? I do. You just say in this case, there was nothing like that? Yes, Your Honor. That's exactly what I'm saying. And tell us what he... And you think he committed a felony by doing what? By not showing up? Yes. But okay, people don't show up... Wait, wait. People don't show up all the time for things. But what... He violated some law or some authority or some directive issued by somebody with some authority over him for such disobedience to be a felony, correct? He did, Your Honor. Whose was it then? The record is not clear on that. And it's the department's burden in an immigration case to show what it is. Actually, at least as I read it, the immigration judge didn't rely entirely on that. It relied instead on the combination of the appearance at trial form, the indictment, and the capious order. And the capious order wasn't issued until after he failed to appear. The capious order reflects that petitioner's trial date had been scheduled and that on the same day the judge also issued an order, ordering his surety to show why his bond should not be forfeited because of his failure to appear. That's correct, Your Honor. They're at page 85 and 86 of the joint appendix in this case. Those documents, both of those orders, were issued by Judge Alper of the Arlington Circuit Court on May 17th of 2004, which was about 13 days after May 4th, which was the date that he was to appear in court. It's hard to say that those two orders, which are orders signed by the judge, give him the required notice to appear in court at a certain time. Well, he had actual notice to appear because, according to you, he signed it. He had actual notice. That's page 84. That's the appearance at trial form in the case. Your argument had shifted to the fact that he didn't have notice, but you had already acknowledged that he had notice. I have acknowledged that he had notice. I'm sorry. I didn't mean to try to change my position. He had notice that he was supposed to be in court. That's why he was convicted. That's why he took a plea to the felony failure to appear. But he had notice. I want to go back to this for my edification. He knew he had to appear based on what? That somebody, an observer in the courtroom said, I'd like to see you. Man, it's good to see you. Come back and see me in a week? And sign this appearance at trial form? Yes. No, wait a minute. He just ran into somebody who said, meet me up here in a week? There was some underlying authority. You're not denying that, are you? I'm not denying there wasn't underlying authority. Where is the underlying authority? Isn't it some kind of court authority? Has to be, doesn't it?  It's a felony. It's a felony he pled to. It does, Your Honor. Right. And it was the department's burden to prove that under the circumstance-specific approach. And that evidence is absent in this case. You think this is your strongest argument? I don't think I can actually argue that the underlying chart that he ultimately pleaded guilty to was the misdemeanor, therefore it really wasn't failure to appear for a felony because he was convicted of failure to appear for a felony. I'd love to keep that argument as try to keep the record. But she just asked you if this is your strongest argument, not how weak your other arguments are. Yes, Your Honor. The other arguments are just as weak. They're weaker arguments than this one. This argument I think is pretty strong because it's the department's burden to prove it was a court order. And the department only showed what's in the joint appendix. They didn't show a bond order. They didn't attach a transcript of the grand jury, the term day, the indictment day, where the judge might have said from the bench, hey, Mr. Aldo, not there, you have to be in court on May 4th. That's not in the record. That doesn't exist here. That evidence is gone. You're having trouble explaining why he felt the need to plead guilty to a felony when somebody had not ordered him to show up. I am. But that's not my burden. The burden is the department to show. It has nothing to do with the burden. It has to do with what we can read from the circumstantial facts of the case. People get convicted every day when there's no direct evidence on the point. But if there's circumstantial evidence which suffices to establish that point, you can get convicted beyond a reasonable doubt. It happens all the time. The circumstance-specific approach requires them to show more than that, though. They need to show the circumstances of the underlying conviction, especially when they're dealing with a case that's 13 years old when he comes to the immigration judge. I don't have any further. Do you have questions? I'm about out of time. If there are any more questions, I could do it on rebuttal. I still have rebuttal time. You do have rebuttal, and that's fine. Thank you. Ms. Juarez? Good morning. May it please the Court, Anna Juarez for the respondent, Attorney General. The issue in this case is whether a petitioner's conviction for a felony failure to appear under Virginia law is an aggravated felony failure to appear under immigration law. The Board is charged with interpreting the INA and has interpreted this aggravated felony provision in a precedential decision, matter of Garza-Olivares. The only argument Mr. Robertson seems to be making of the components for a failure to appear crime is the pursuant to a court order. He doesn't appear to challenge anything else. So perhaps you could focus at least initially, I'm sorry, I don't entirely mean to co-opt your argument, but you might want to focus on that at least initially. Absolutely. And you're correct that he focuses on just one of the components. So why is this a court order? How can we let it stand that this is a court order? As we discussed in our brief under Virginia law, Virginia law states that a felony failure to appear is a failure to appear as required. And Virginia law, between 19.2-119 through 123, discusses bail bond procedures. And to be released prior to a trial, a judicial officer needs to just pre-release from custody upon conditions specified by order by appropriate judicial officer. They may set a bond by order by judicial officer. Well, that's what one of the conditions the grand jury recited on page 89. That's correct. Willful failure to appear before a court of competent jurisdiction is required by law and the conditions of bond. So would you imply from that finding by the grand jury that there was a court order for the conditions of bond? Yes, Your Honor. And the record in this case, which the court can look at under the circumstance-specific approach, includes, as Your Honor noted, the KPS order and the will to surety, which notes that there was a bond in this case. And it was forfeited for failure to appear. Correct. And a grant of bond is a court order. Correct. And as Your Honor noted, the indictment for the failure to appear states willfully fail to appear as required by law and conditions of bond. And in the plea agreement in this case, he pled to the same crime as was in charge in the indictment. So based on this record, it is sufficient for this court to find that there was a bond, as Virginia law requires. Just state it out. Just make the three, four, five factual steps on this record. Just say them. Make that point right now. Failure to appear before a court order are the first two. They are in the Virginia statute. Petitioner doesn't contest that. The three that the board found were circumstance-specific are pursuant to a court order. Again, Virginia law and the record in this case established that there was a court order. I think the question was the factors, just tick them off, that gets us, that satisfies the court order component. And you've sort of been talking about them, but I think the question is tell us specifically what they are. The pursuant to a court order? Yes. What satisfies, you're pointing to what I understand to be several factors. What are they? You've got about 10 pages in the appendix of different Arlington County Circuit Court documents. Which one of those tell us there's a court order? My apologies, in the conviction record? In this case, X, Y, Z proof. That's what I want to hear. Not what he doesn't contest. Just set it out. Because under the Virginia law, to get convicted of this, there had to be a court order. Just whatever your argument is, factually here, and then maybe we'll ask questions to fill in, but just make it straightforward like that for me. Me too. Yes, Your Honor. Under Virginia law, a definition of bail is pretrial release from custody upon conditions specified by order by an appropriate judicial officer. Okay, bond order. Bond order. Number one. Okay. Number two. Anything else? To the record here. The bond order's not in the record, but there are references to it, correct? There are references that a bond order was issued in this case. The capious order indicates that he failed to appear at a May 4th trial. The indictment for the failure to appear indicates as he failed to appear for the May 4th trial, as required by law and conditions of bond. Capious is one of the documents that's a factual proof. Is that what you're saying? Correct. And the indictment? Under the circumstance-specific approach. And the plea agreement indicates that he pled guilty to the indictment. It underscores that he pled guilty to failing to appear for the May 4th trial, as required by bond and the conditions of bond. Those four things. Those four things. And also underscoring it is that he failed to appear as required under Virginia law, and there's no indication that he would be required by anything other than a court order for a felony failure to appear. And he has not pointed to any at this point. Okay. Thank you. Thank you. And as I noted, the other four components of a failure to appear aggravated felony, he has not contested those. I'm happy to answer any questions if the court has any. No questions. Okay. And if the court has no other questions? Thank you. Thank you very much. Thank you very much. I think our discussions here kind of lead to one of the points I tried to raise in the brief about the circumstance-specific approach. That you can't aggregate factors to come up with a court order. That you can't aggregate those components. I don't think you can in this case. I don't think that's the appropriate way to do it. No, I was just trying to make you get to the argument first. Because there's no bond order in the record, as Judge Agee pointed out. The capious order, the indictment for failure to do a plea, the plea agreement all came after the fact of the failure to appear on May 4th of 2004. So your argument's going to essentially the weight of the evidence. Not that you can't aggregate factors in the abstract in all cases. It's just you're saying in this case it doesn't work. That's correct. I think Garza Olivares from the BIA says you can aggregate the factors. I think that's how the BIA has looked at it. Garza dealt with the federal failure to appear statute, not a state statute. In applying whether the felony failure to appear in federal court applied to the aggravated felony definition. It's kind of a different case. What's your single strongest argument? I still don't know if I know what it is. I know your general attack. But in this case, what? Just the fact that the bond is referenced is not sufficient? Sort of the same argument. Right. What's your single strongest? We've heard about some weak arguments, you said. What's your single strongest argument to say the government's wrong in what she just presented to us? What was she wrong about? They can't prove that he failed to appear pursuant to a court order. You can't rely on the conviction for failure to appear in Virginia because the Virginia statute only requires failing to appear when noticed or when required. That's the strongest argument. You can't rely on the conviction records, the indictment, the plea agreement. You can't rely on those because Virginia's- You can't rely on them. Do you mean as a matter of what we look at, we can't look at them? But they're insufficient to make the point the government's trying to make under the government's approach. Under the categorical approach. All those approaches, you can look at everything. You can look at the indictment. You can look at the plea agreement. You can look at that. When you're talking about the circumstance-specific approach, everything's on the table. Okay. So everything being on the table, the government still fails and tell us the biggest break in their argument. Because there is no court order in the file compelling him to appear on May 4th of 2004. And your point is there has to be a court order in the record to look at or they fail. Yes, Your Honor. But if there's testimony about it or there's clear inference that it's there, that cannot be used. You have to see it with your eyes in the record. That's your argument. When you get to immigration. I'm saying is that your argument? I don't know if it's as expansive as that. But, yes, that's. Make it less expansive on that specific point then. Okay. The. They fail because they can use the. Assuming they use the circumstance-specific approach, they failed here because. Fill in that for me. They didn't introduce the transcript of the term day hearing where he was told by a judge that he needed to appear in court on May 4th, 2004. The transcript is missing. The transcript is missing. It's not part of the record. And inferring it is not appropriate when you talk about the different approaches that are used in immigration court. There's no. Because now if the Virginia statute said fair to appear pursuant to a court order, I'm blown out of court. Because he pled guilty to that. But the Virginia statute says as required. That's all it says. I thought your argument was that it was basically it's insufficient. The evidence is insufficient as a matter of law. It is, Your Honor. Which is different. I'm sorry. I actually understood your answer to Judge Agee's question. I said, ah, that's it. I get it. But it seems to be morphing. You all were great advocates. You wouldn't have been able to be judges if you weren't. It kind of changes. I was just asking because I really was trying to get the kernel of your argument. And I thought that you had decided, oh, well, it's a sufficiency. It's a sufficiency argument. It's evidentiary sufficiency argument. It is. I understand that. It is. I don't know whether I agree with it, but I understand the argument. Right. But in answer to Judge Shedd's question, your argument was somewhat different. I didn't mean for it to be. Okay. I mean, I could have just fallen in line. My time's up. You say with great relief. He says happily. I could say same. Thank you. Thank you very much. Thank you. Thank you. Your response is to the Court's questions. We will come down in Greek Council and take a brief recess.
judges: Allyson K. Duncan, G. Steven Agee, Dennis W. Shedd